**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERTO BERMUDEZ, on his own behalf, and on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>MAK PHARMA USA, LLC, and all other affiliated entities and/or joint employers, and SNEHAL ANTANA, individually,<br><br>Defendants. | Civil Action No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff ROBERTO BERMUDEZ, and all similarly situated persons, ("Plaintiff" or "Named Plaintiff" or "Bermudez"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Class and Collective Action Complaint against Defendants, Mak Pharma USA, LLC, and all other affiliated entities and/or joint employers, all whose true names are unknown (collectively "Mak Pharma" or "Defendant"), and Snehal Antana, individually ("Antana") (collectively "Defendants") and alleges as follows:

**INTRODUCTION**

1. Plaintiff and all similarly situated persons brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL") and associated provisions of the New Jersey Administrative Code ("NJAC"), as well as the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 et. seq. ("NJWPL").

2. Plaintiff brings this lawsuit against Defendants as a collective and class action on behalf of himself and all other persons similarly situated – non-exempt line production workers

1

who suffered damages for damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4.  This Court has subject matter jurisdiction over Plaintiff's NJWHL and NJWPL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5.  Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.  At all times material hereto, Plaintiff performed non-exempt line production worker. duties for the Defendants in Randolph, New Jersey. Defendant is therefore within the jurisdiction and venue of this Court.

7.  At all times pertinent to this Complaint, the Defendant Mak Pharma, was and is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Mak Pharma is "a turn-key contract co-packer, offering services in contract packaging, commercial packaging, product launches, stability services, primarily filling, secondary filling, etc., from their "50,000 sq [ft] brand facility that is well-equipped with five packaging automated lines". See Defendant Mak Pharma's website, https://makpharmausa.com/. Defendant Mak Pharma contracts with clients in the northeast and throughout the country and further uses tools and products which moved through interstate commerce to perform these contracts and further uses the channels of interstate commerce to move

their products. Alternatively, Plaintiff and those similarly situated persons worked in interstate commerce, i.e., using the tools and products, which moved through interstate channels so as to produce an end product for Defendant's consumers. Thus, Plaintiff and those similarly situated persons fall within the protections of the Act.

## PARTIES

8. Plaintiff Bermudez is an adult individual who is a resident of Morris County, New Jersey.

9. Plaintiff Bermudez was employed by Defendants full time as a non-exempt line production worker for approximately one year, from in or about mid-April, 2023, through in or about mid-May, 2024.

10. Upon information and belief, the Defendant, Mak Pharma, is headquartered in Randolph, New Jersey.

11. Upon information and belief, Individual Defendant Antana is a New Jersey state resident.

12. Upon information and belief, at all times relevant to this Complaint, individual Defendant Antana has been an owner, partner, officer and/or manager of Defendant Mak Pharma.

13. Upon information and belief, at all times relevant to this Complaint, individual Defendant Antana has had power over personnel decisions at the Defendant Mak Pharma.

14. Individual Defendant Antana was regularly present at Defendant Mak Pharma's premises and managed the day-to-day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

15. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of the Defendants.

16. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made, or business done was not less than $500,000.00.

## CLASS AND COLLECTIVE ALLEGATIONS

17. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

18. This action is brought on behalf of Named Plaintiff and a putative collective class consisting of similarly situated employees who performed work for Defendants.

19. The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA, NJWHL, and NJWPL, by failing to provide overtime wages, at the rate of one and one half times the Plaintiff's regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

20. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 50 employees. In addition, the names of all potential members of the putative class are not known.

21. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and the putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Named Plaintiff and the putative class members thus have sustained similar injuries as a result of Defendants' actions.

22. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work as line production workers at the Defendants' warehouse.

23. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

25. This action is properly maintainable as a collective action pursuant to § 216(b) of the FLSA.

26. Plaintiff's claims under the NJWHL and NJWPL are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

27. A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## **FACTS**

28. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff for all overtime hours he worked in a work week.

29. Plaintiff Bermudez was paid approximately $15.00 per hour.

30. Plaintiff Bermudez generally worked six (6) days per week.

31. Plaintiff Bermudez generally worked approximately seventy-six (76) hours per week, and regularly in excess of forty (40) hours per week.

32. Upon information and belief, Plaintiff was improperly compensated for all hours worked at his hourly rate of pay, instead of being paid at one-and-one-half times his regular rate of pay for those hours worked in excess of forty (40) in a work week.

33. Upon information and belief, persons similarly situated to Plaintiff Bermudez were also compensated improperly, at their hourly rate of pay instead of being paid at one-and-one half times their regular rate of pay for those hours worked in excess of forty (40) in a work week.

34. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, NJWHL, and NJWPL, as described in this Complaint.

35. At all times material hereto, Plaintiff Bermudez and all similarly situated persons, were performing their duties for the benefit of and on behalf of Defendants.

36. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL and NJWPL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

37. The records, if any, concerning the number of hours worked by Plaintiff Bermudez and all other similarly situated persons, are in the possession and custody of Defendants.

38. The records, if any, concerning the compensation actually paid to Plaintiff Bermudez and all other similarly situated employees, are in the possession and custody of Defendants.

39. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL and the NJWPL, in that Plaintiff Bermudez and similarly situated persons performed services and labor for Defendant for which Defendants made no provision to pay Plaintiff Bermudez and other similarly situated persons compensation to which they were lawfully entitled for all of their hours worked and for those hours worked in excess of forty (40) within a work week.

40. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who were not properly compensated for those hours worked in excess of forty (40) hours in one or more work periods, on or after August 2019.

41. Plaintiff Bermudez has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff Bermudez is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

42. Plaintiff Bermudez re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs.

43. Plaintiff Bermudez is entitled to be paid additional compensation for each overtime hour worked per work period.

44. Defendants knowingly and willfully failed to pay Plaintiff Bermudez at time and one half of his regular rate of pay for his overtime hours worked in a work period.

45. All similarly situated employees of the Defendants are also owed overtime pay for each and every overtime hour they worked and were not properly paid.

46. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff Bermudez and those similarly situated persons have suffered damages plus incurring costs and reasonable attorneys' fees.

47. As a result of Defendants' willful violations of the Act, Plaintiff Bermudez and similarly situated persons are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME WAGES
## PURSUANT TO THE NJWHL

48. Plaintiff Bermudez re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs.

49. Defendants' aforementioned conduct is in violation of the NJWHL.

50. As a direct and proximate cause of Defendants' actions, Plaintiff Bermudez and similarly situated persons suffered damages, including but not limited to past, lost earnings.

51. By reason of the said unlawful acts of Defendants, Plaintiff Bermudez and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

52. As a result of Defendants' violations of the NJWHL, Plaintiff Bermudez and those similarly situated persons are entitled to liquidated damages.

## COUNT III
## RECOVERY OF COMPENSATION
## PURSUANT TO THE NJWPL

53. Plaintiff Bermudez re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs.

54. Defendants' aforementioned conduct is in violation of New Jersey State Wage Payment Law. N.J.S.A. 34:11- 4.1, et seq., in that the Defendants willfully failed to pay Plaintiff Bermudez for all hours worked.

55. As a direct and proximate cause of Defendants' actions, Plaintiff Bermudez and similarly situated persons suffered damages, including but not limited to past lost earnings.

56. As a result of Defendants' violations, Plaintiff Bermudez and similarly situated persons, are entitled to liquidated damages as directed pursuant to the NJWPL.

## **JURY TRIAL**

57. Plaintiff Bermudez and similarly situated persons demand a jury trial.

WHEREFORE, Plaintiff, ROBERTO BERMUDEZ, and all similarly situated persons, demand judgment, against Defendant MAK PHARMA USA, LLC, and all other affiliated entities and/or joint employers, all whose true names are unknown, and SNEHAL ANTANA for the payment of compensation for all overtime hours due them, for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: July 12, 2024

Respectfully submitted,

JAFFE GLENN LAW GROUP, P.A.

/s/ Andrew Glenn
 Andrew I. Glenn, Esq.
Email: aglenn@jaffeglenn.com
Jodi J. Jaffe, Esq.
Email: jjaffe@jaffeglenn.com
300 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff and Putative Class*

9